Thank you, Your Honors, and may it please the Court. My name is Jacob Robertson on behalf of Alonso Ramirez-Chavez. Now, this is the second time that my client has been before this Court on a petition for review seeking relief from an agency determination that he is not eligible for cancellation of removal because he is alleged to have committed an aggravated felony. The first time my client was in front of the Court, the government sought a remand because the operative judgment of conviction, the amended judgment, was ambiguous as to whether the sentence was sentenced for the possession charge, which was count three of the information, or whether the conviction was under count one. Can I ask you one thing about that? I notice that the statute, the Nevada statute, is not broken out that way. In other words, the Nevada statute has – applies to possession and to trafficking, and the higher sentence – the degree of the sentence depends on the number of grams, not whether it's trafficking or possession. That's correct. Right? So I don't really understand why the lower sentence indicates that he wasn't – or is any – is it any way probe of whether or not he was convicted of trafficking or possession as opposed to whether he was convicted of 4 grams or more or 28 grams or more? That's correct, Your Honor, as to the statute, but you have to look at the statute in conjunction with the information in this case. And so there were three counts in the information. The first count was for the level three trafficking, which is the greater amount over 28 grams. Count three in the information was a charge for possession only. And the government has conceded that if the conviction actually occurred under count three of the information – Unless there was some agreement to reduce the amount, even though it was for trafficking. Well, the – I know that you're assuming that there's a match-up there, and I don't know why there – why there necessarily was. Well, the – the information itself actually only charges Mr. Ramirez-Chavez with possession. So set aside the amount for a moment. Possession for – of how much? It was less than whatever the provision is for – What? For number one? For number one. Yes, for the first subsection. So, but it – but really – Yeah. Well, the – the basic argument is that it goes beyond ambiguous because – and I wanted to address the Young case, which the government relied heavily on in its opposition brief, that the – the Young case is really different from this case because in that case the petitioner pled guilty to conjunctive language in the statute. And the court said there's – there's 14 different possibilities, some of which would be in line with the federal statute, some of which would not be a felony under the federal statute. Whereas here there is evidence that my client was convicted under count three of the information, and that relates to the sentence that he was ultimately given in the amended judgment. But the amended judgment does not refer in any way to count three. Isn't that correct? Well, it doesn't explicitly refer to count three, but it does set forth the maximum sentence for count three, which would be an illegal sentence under count one, which would be the – the possession of the greater than 28 grams. So there is evidence in the record that he was convicted under count three, although the amended judgment doesn't say that. But if you look at each document in the record of conviction, the plea memorandum, the plea colloquy, the original judgment all indicate that Ramirez-Chavez pled guilty to count one of the information, correct? Correct. And the issue in this case really is, is it count one or is it count three? Because count one is aggravated felony, count three is not. Right. And all those documents, everything save the amended judgment was back from 2005. Something happened in those two years. We can guess what happened. The government has indicated that there was substantial assistance. And if we just use common sense, that makes sense, even though it's not explicit in the record. And that's what the government did was guess. We're guessing at the record, and that is not enough. Well, it's either that or it's the judge goofed, right? The trial judge made a mistake. That's a second. And we have, this Court has to presume that the government, that the trial court followed the Nevada Supreme Court decision in State v. Parrish. What bothers me in what, in terms of what I was saying before, is that even if there was a change to something else, what makes you think it was a change to count three as opposed to simply a change in the amount of the, to a lower sentence, which assumed a different amount as opposed to a different crime? The language of the sentencing in the amended judgment comports exactly with the sentence for a possession charge under count one or count three. But it also comports with a trafficking charge under count one, for a lower amount. That's what's troubling me. It doesn't tell you anything about whether it's trafficking or possession. That's what bothers me. But the, the trafficking charge in this case. I understand that was the charge, but you're making an assumption that when the, that when the sentence was changed or was changed by change to one of the other counts, who says? People plead bargain for all kinds of things, including changes and, and since we know it, since it says that he was, it says it's guilty, the amended sentence is he was guilty of the crime of trafficking in controlled substance, right? Correct. And that he'd be punished by imprisonment for a maximum of 72 months. That, the more logical conclusion is that they were changing the amount, not changing the, the, from trafficking, because it says trafficking. But the, the information, I mean, I guess you could make that assumption that they were changing the amount, but there was nothing. But it says that he was guilty. The amended judgment still says he's guilty of the crime of trafficking, right? Well, no. The, the amended judgment says that he was guilty. Well, first of all, let me back up. The Nevada statute does say in the title that it's a trafficking statute. There's no dispute in this case that the statutory language includes both trafficking and possession and would be subject to the modified categorical test. He entered a plea to trafficking. Is that right? It depends on what you mean by trafficking. Well, he, he entered a plea to the Nevada trafficking statute. The count one, which was, which was trafficking. The judgment as to, the judgment of conviction was never amended. The only amendment that appears is as to the sentence. And whether that sentence was appropriate, as Judge Berzon is asking you about, or not appropriate has nothing to do with the amendment, which only went to the sentence, not to count one, and not to the judgment of conviction. Isn't that right? The, that's one way to read it. You could also read the. What's the other way to read it? The other way to read it would be that the court intended the judgment to be amended to comport with the sentence under the count three of the information. You regard this as, and this may be a funny question, a factual question or a legal question? Whether that my client. What, what he was convicted of. Convicted of. Whether it was an aggravated felony, my understanding is a question of the law. Whether it was an aggravated felony is a legal question. Correct. But what he was convicted of, is that a factual question or a legal question? It would be a factual question. Because the issue here is not whether something is an aggravated felony. We know count one is. We know count three is not, right? Right. The dispute is which one of those applies to this defendant. And we can look at, can't we, to resolve a factual issue, the sentencing hearing where the defendant admitted selling drugs? That's something we can take into account, is it not? As part of his guilty plea to count one? I would presume so. But, again, that was back in 2005. So in terms of, if you could enunciate your argument about why Young doesn't apply, and then I don't know whether you've looked at the Supreme Court Moncrief case, have you? I'm sorry? Have you looked at the Supreme Court case in Moncrief opinion of the last term? It's possible. I was going to ask you whether you think Young is still good law after Moncrief, but it's sort of not a fair question because I didn't ask it to you in writing. But how do you think Young applies to this, if it does? I don't think Young applies to this case because I see my time is up. Yes. I may continue. I don't think Young applies because in that case the Court was talking about a plea to a disjunctive statute where it could have been any number of the conviction could have been under any number of subsections of the statute. And Young introduced no evidence as to which charge he actually pleaded to. This case, in contrast, there is evidence as to the charge that my client pleaded to, and we submit that that evidence shows that he pleaded to the possession charge. Thank you. Okay. Thank you very much. Good morning. May it please the Court. My name is Dawn Conrad, and I'm here today on behalf of the United States Attorney General. In this case, the record demonstrates that Petitioner was convicted of a drug trafficking offense, specifically the sale of methamphetamine in violation of Nevada Rural Statutes. Do you think it matters who the burden is? I'm sorry? Do you think it matters who has the burden, or is there even a burden question here? Yes, it does matter who has the burden. And in this case, to prove aggravated felony, the government has the burden. Right. That's correct. But even despite Young and even with regards to the cancellation? That seems to be the case after Moncrief, probably. Yes. Well, with regards to cancellation, it's Petitioner's burden of proof. And would you like me to address Moncrief, because I can do that? Well, I – so which one are you arguing for? That's what I'm trying to find out. In this case, we're arguing that the government has met their burden by showing by clear and convincing evidence, based on this record, that it was an aggravated felony conviction. And you would apply – and in this case, you need to know that both for removal purposes and for cancellation purposes. But I guess you don't really need to know it for removal purposes, because he was removed for other reasons as well. That's correct. He's removable for – there's no – he's not challenging the fact that he's removable for other purposes. If you were relying on Young, you would be standing up here and telling me that the burden is on the Petitioner, but you're not saying that. No. That would be our alternative argument, if this Court found that the record was inconclusive in some way. But in our – our position is the record is not inconclusive. The record clearly shows that he pled guilty to count one. All the Shepard documents demonstrate that he pled guilty to count one, which was the sale of methamphetamine to a criminal informant, which is the trafficking offense. Well – So what do we do with the sentencing, which is the hinge on which your opponent makes this appeal? The modified sentence. How do we deal with it? Well, it – frankly, it doesn't really – it's kind of irrelevant to this case, because whether or not his sentence was reduced does not change what he was actually convicted of. And every document that we have in the record shows that he was convicted of count one, which is the trafficking charge. It does actually. It says that he was – where does it say – the judgment says trafficking in a controlled substance, a violation of NRS 358 – 33853, which could be – although it's called trafficking, could also be possession. That's correct. True also of the amended judgment. So neither of them – I mean, everybody in this case seems to be assuming that he had to be guilty of one of the counts as opposed to a crime defined in a certain way. And we have a bunch of cases about whether you have to be – if you don't say you're guilty as pled, then you may not be guilty as pled, although you still may be guilty. So how do we know that it's actually count one – is it count one or count three? I forget. Count one.  It doesn't say that. It doesn't say that? It says the Alonzo Marmera is guilty of the crime of trafficking in a controlled substance, a violation of NRS 453.33853, a felony, and that he be punished by imprisonment. I don't see it says anything about pleading guilty to count one, and I don't see if the other one says that he pled guilty to count one. So why do we think he pled guilty to count one? Well, that's in the plea agreement and the plea proceeding and the – I'm sorry, the plea colloquy. It's clear that he pleads guilty to count one and admits all the facts in the indictment of count one. And count one was the charge for 453.33853. The other two counts were different sections. Can you tell me what page that is? Oh. I'm sorry. The – what would you like to know? The page of the – I'd like to know where he pled guilty to count one. I see. It would be in the guilty plea. I see guilty plea memorandum. Okay. Administrative record 99, I think, starts. Was the change in the sentence due to substantial assistance? And if so, where do I see that in the record? Yes. Well, okay. It's not in what you would call the Shepard documents, per se. But there are two places you see it. It's in the sentencing transcript. There's a discussion off the record between the prosecutor and the defense counsel and the judge. And then following that discussion, the – Don't they seal that part when it's off the record and make it available as part of the case? They didn't do that in this case. I don't know the answer to that, Your Honor. It's not in the record before the Court at this time. And the other place I might find it? In the – in his – I believe it was in his traffic sentencing pre-sentence report, there's a handwritten notation, and this is on administrative record page 282, that says, And also, I'd like to note that under – And we don't know who wrote that. No. Could have been the clerk? Yes. A law clerk? I don't believe that it – it might have initials behind it, but I don't believe we know who wrote that. You're not relying on that? No. No. But he originally got probation. Yes. And I'd actually like to note that –  Later he violated probation, is that what happened? Right. He got probation in both the amendments and the sentencing transcript. He was suspended in the original judgment, but his probation was revoked. And I'd also like to note that under Nevada Revised Statute 453.3505, subsection 1, it was only possible for him to get probation or a suspended sentence if the Court found that he rendered substantial assistance. Because the first part of that – that statute, I'm talking about 453.34051, says that unless the Court finds the defendant rendered substantial assistance, any person found guilty of trafficking in violation of the section that Petitioner was found guilty under must not receive a suspended sentence and is not eligible for parole. So he cannot have received a suspended sentence or parole unless the Court found that he rendered substantial assistance. No matter which subsection he was found guilty of? That's correct. Provided it's a trafficking – the facts show that it was a trafficking offense. I don't know that. Weren't we just reading from not 3385, but something else? No. It was 453.3405-1. I see. Except it was otherwise provided in person who knowing their intention. I'm not clear where your argument just now is taking us. Are you saying that the Court could have made a mistake since it didn't make a record that it was doing it on the basis of the help he gave to the prosecution? No. I mean, the Court – I'm saying that that's the only way the Court could make that finding. All right. But it didn't make the finding. It didn't specifically state that, at least in the documents that we have in this record. Is it – did the Court err in not making the finding? I really can't answer that because I don't know if there was some other where that they might have made that finding, but I – It's all in Nevada anyway. That's not our direct problem. Right. Right. This is in Nevada. All right. So it says except as otherwise authorized by provisions of an NRS and they say what again? What does the exception say except as otherwise authorized? The exception says that the exception is the substantial assistance provision, which is the second part. It applies to all of the subsections or any conviction under this? That's correct. So what does it tell us? So what you're saying is that whether it was possession or trafficking, he still couldn't have gotten suspension except – Right. Except if he supplied substantial assistance to law enforcement. So what you're saying is the only logical explanation, even though it's not explicit in the record, is that the reduced sentence is due to the substantial assistance that he offered. That's correct, Your Honor. What about Moncrief? I mean, I'm not sure it matters in this case, but it doesn't matter in this case. Well, it is our position that Moncrief does not overrule Young, and that is because we have different burdens of proof that are addressed. In Moncrief, you have the government's burden to show – Well, yes, but Moncrief says several different times that it would be the same in any event, that there's a unitary approach. No. Moncrief never addresses the Petitioner's burden of proof to, by preponderance of the evidence, to show that he is eligible for relief. I thought it did several different times, even though it wasn't directly the issue before the Court. I know which part you're referencing, Your Honor, but it is – that is not addressing specifically the issue before that Court, which was the government's burden to show whether Petitioner was convicted of a crime. Well, I don't think it was addressed before this Court, but it seemed quite adamant about the fact that there – well, more abstractly, that this is a legal question or at least the question it was addressing was a legal question as to which you don't even exactly ask burden questions. It is, you know, is it true or isn't it true? Now, maybe that's not the question here. That may be the difference. But what I understood them to be saying is whether the question is whether there's a, you know, where the match-up is for a subcategory of a statute, and I think De Kemp reinforces this, you don't – we're not supposed to be finding facts. You see, that's what's hard about this case. In the immigration context, it isn't as difficult. But if you were doing it in a criminal context, you can't be finding facts. So what we're doing here seems sort of impermissible to be asking a factual question. You have to be asking a legal question or else you can't be relying on the conviction. That's correct. I mean, we're not asking the Court to make a factual finding in this case. Well, that burden – the word burden has no content, because you don't talk about burdens in a legal context. But it's – in Young, the issue was whether the Petitioner met his burden. And it wasn't – the Court wasn't making a factual finding. The Court was just showing that an inconclusive record does not mean the Petitioner met his burden. Well, in that instance, it was inconclusive in the sense that it didn't exist. I mean, here it exists. Everything that could – everything's been brought in that could be brought in. The question is, what does it mean? So it's a slightly different problem. It's not like that the Petitioner – there's a hole in the record. There's not a hole in the record. That's correct. Anyway, I did say I was going to be tough on you, so thank you very much. That's okay. Thank you. Thank you both for your arguments. The case of Ramirez-Chavez v. Holder is submitted. The next case, Carrillo v. Holder, is submitted under briefs. We'll go to Crowley v. Bannister.
judges: Zouhary, Alarcon, Berzon